UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ROBERT CHINN,<br><br>    Plaintiff,<br><br>v.<br><br>THEIA GROUP, INC.,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION NO.<br>)<br>)<br>)<br>)<br>) |

# COMPLAINT

## INTRODUCTION

1. By way of this action, Dr. Robert Chinn seeks damages arising from the breach of a written promissory note. Dr. Chinn entered into a Secured Note Purchase Agreement ("Agreement") with Theia Group, Incorporated ("Theia") dated February 18, 2020. Under the terms of the Agreement, Dr. Chinn purchased a Secured Convertible Promissory Note ("Note") from Theia for a purchase price of one hundred thousand dollars ($100,000). Per the terms of the Note, Theia promised to pay Dr. Chinn two times the principal sum of his investment—two hundred thousand dollars ($200,000) ("Repayment Amount")—on February 18, 2021, referred to in the Note as the "Maturity Date." The Maturity Date has passed, yet despite demand, Theia has refused to pay Dr. Chinn the Repayment Amount.

## PARTIES

2. Plaintiff Dr. Robert Chinn is a resident of South Kingstown, Rhode Island.

3. Upon information and belief, Defendant Theia Group, Incorporated is a Delaware corporation with its principal place of business located in the District of Columbia at 1455 Pennsylvania Avenue Suite 800 Washington, DC 20004.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, in that this is an action between citizens of different states and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

5. This Court has personal jurisdiction over Theia pursuant to R.I. Gen. Laws § 9-5-33 as Theia entered into a contract with a Rhode Island resident, and the specific claims in Dr. Chinn's lawsuit arise directly from Theia's contacts with Rhode Island.

6. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claims occurred in Rhode Island. Dr. Chinn negotiated and signed the Agreement and Note while in Rhode Island.

7. Alternatively, venue is proper under 28 U.S.C. § 1391(b)(3) because this Court has personal jurisdiction over the Defendant.

## FACTUAL ALLEGATIONS APPLICABLE TO ALL COUNTS

8. On February 18, 2020, Dr. Chinn and Theia entered into the Agreement, a genuine copy of which is attached hereto as **Exhibit A**. Per the terms of the Agreement, Dr. Chinn purchased the Note for one hundred thousand dollars. A genuine copy of the Note is attached hereto as **Exhibit B**.

9. Per the terms of the Note, Theia promised to pay Dr. Chinn two hundred thousand dollars ($200,000) on the Maturity Date. Specifically, the Note stated:

> FOR VALUE RECEIVED, the undersigned THEIA GROUP, INCORPORATED, a Delaware corporation ("Issuer"), whose address is 1455 Pennsylvania Avenue, Suite 800, Washington, DC 20004, hereby promises to pay to Robert K. Chinn (the "Purchaser"), on the Maturity Date referred to below at such place the Purchaser may designate in writing, 2.0x (TWO times) the principal sum of **ONE HUNDRED THOUSAND DOLLARS ($100,000)** (the "Principal Amount"), or **TWO HUNDRED THOUSAND DOLLARS ($200,000)** (the "Repayment Amount"), on the terms and conditions specified herein.

(Note, p. 1).

10. The Note specified a Maturity Date of February 18, 2021 at which time "[t]he entire balance of the Repayment Amount hereof shall be due and payable." (Note, ¶ 1).

11. The Maturity Date has passed, but despite demand and despite acknowledging its contractual obligation to pay Dr. Chinn, Theia has refused to pay Dr. Chinn the Repayment Amount.

## CAUSES OF ACTION

### COUNT I
**Breach of Promissory Note**

12. Plaintiff repeats, re-alleges, and incorporates by reference Paragraphs 1 through 11 above as if fully set forth herein.

13. The Agreement and Note are valid and enforceable contracts.

14. Dr. Chinn has fulfilled all of his obligations arising under the Agreement and Note. Nevertheless, Theia has failed and has refused to honor its obligations arising under the Note including its failure to pay the Repayment Amount to Dr. Chinn. Theia is in breach of its contractual obligations.

15. As a direct result of Theia's breach, Dr. Chinn has and will continue to sustain damages.

### COUNT II
**Unjust Enrichment**

16. Plaintiff repeats, re-alleges, and incorporates by reference Paragraphs 1 through 15 above as if fully set forth herein.

17. Upon purchasing the Note and sending Theia the amount of his investment, Dr. Chinn conferred a benefit upon Theia in the amount of $100,000.

18. Theia has appreciated this benefit at the expense of Dr. Chinn. Theia has retained Dr. Chinn's entire investment of $100,000 and has refused to pay Dr. Chinn any of his Repayment Amount.

19. Theia has been wrongfully and unjustly enriched at the expense of the Dr. Chinn by refusing to pay Dr. Chinn his Repayment Amount.

20. As a direct result of Theia's conduct, Dr. Chinn has and will continue to sustain damages.

## COUNT III
### Violation of 6 Del. C. 25 § 2513

21. Plaintiff repeats, re-alleges, and incorporates by reference Paragraphs 1 through 20 as if fully set forth herein.

22. Throughout the Agreement, Theia made several material representations to Dr. Chinn to induce Dr. Chinn to enter into the Agreement. Dr. Chinn reasonably relied on these representations when entering the Agreement.

23. Most significantly, Theia represented that it, "is not engaged in any litigation, arbitration, or criminal proceedings. [Theia] is not aware of any facts, matters, or circumstances which may give rise to any litigation…". Agreement, ¶ 4(k). Theia also represented that, "[t]here is no infringement or suspected infringement of any of the patents, patent applications, trademarks, software or databases belonging to or used by [Theia]." Agreement, ¶ 4(p). Upon information and belief, these representations were knowingly false and made to induce Dr. Chinn to enter the Agreement and Note.

24. On January 6, 2020—approximately one month before Theia entered in the Agreement and Note with Dr. Chinn—Theia Technologies LLC filed a complaint against Theia

4

("Patent Litigation") in the Eastern District of Pennsylvania alleging trademark infringement over the mark "Theia".  *See Theia Technologies LLC v. Theia Group, Inc.*, 2:20-cv-00097-GEKP.

25. On January 29, 2020, James Hickey, Esq. filed his notice of appearance on behalf of Theia in the Patent Litigation.

26. On February 18, 2020, Theia and Dr. Chinn entered into the Agreement and Note, signed by James Hickey, Esq. on behalf of Theia. The timeline of events indicates that when Theia entered into the Agreement, it knew of the Patent Litigation and failed to disclose it to Dr. Chinn. Upon information and belief, the Patent Litigation has impacted Theia's ability to pay the Note.

27. The Agreement and Note are both are governed by the laws of the State of Delaware.  (Agreement, ¶ 12; Note, ¶ 13).

28. Theia engaged in deception, fraud, and misrepresentation by omitting the material facts regarding the Patent Litigation in connection with the Agreement and Note, in direct violation of 6 Del. C. 25 § 2513.

29. As a direct result of Theia's intentional misrepresentations, Dr. Chinn has and will continue to sustain damages.

## COUNT IV
**Breach of the Covenant of Good Faith and Fair Dealing**

30. Plaintiff repeats, re-alleges, and incorporates by reference Paragraphs 1 through 29 as if fully set forth herein.

31. The Agreement and Note are governed by and are construed under the laws of the State of Delaware, which imputes a covenant of good faith and fair dealing into every contract. (Agreement, ¶ 12; Note, ¶ 13).

32. At all times relevant to this litigation, Theia was in a contractual relationship with Dr. Chinn and owed Dr. Chinn a duty to act in good faith and to deal fairly with him.

33. Theia breached this duty on more than one occasion by, despite demand, refusing to pay Dr. Chinn the Repayment Amount, and by fraudulently failing to disclose the Patent Litigation to Dr. Chinn in the Agreement and Note.

34. As a direct result of the acts and omissions leading to Theia's beach of its duty to deal in good faith and fairly with Dr. Chinn, Dr. Chinn has and will continue to sustain damages.

## RELIEF SOUGHT

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment as follows:

1. As to Counts I, II, and V, enter Judgment in favor of Plaintiff and award Plaintiff monetary damages in an amount to be determined against Defendant, together with interest, costs, and attorneys' fees;

2. As to Count III-IV, enter Judgment in favor of Plaintiff and award Plaintiff punitive damages, and Plaintiff's costs, attorneys' fees and recoverable interest; and

3. Grant such other relief as the Court deems just and proper.

Respectfully submitted,

ROBERT CHINN,
By his Attorneys:

*/s/ David C. Fixler*
David C. Fixler (Bar No. 3839)
John F. Farraher, Jr. (*Pro hac vice* application attached hereto)
Courtney R. Foley (*Pro hac vice* application attached hereto)
GREENBERG TAURIG, LLP
One International Place
Boston, Massachusetts 02110
Tel: (617) 310-6000
fixlerd@gtlaw.com
farraherj@gtlaw.com
foleyc@gtlaw.com

DATED: September 15, 2021